■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GROVER V. QUICK, JR., Appellant.— STALEY, JR., J. Appeal from a judgment of conviction of the County Court of Delaware County for violation of probation after a plea of guilty. On November 23, 1964, appellant pleaded guilty to the crime of assault in the second degree, and was sentenced to State Prison for a term of not more than five years and not less than two years. At the time of sentencing, he was represented by assigned counsel who served without any charge to the appellant. Execution of sentence was suspended and defendant

placed on probation for a period of five years. At the time of the arraignment for violation of probation on July 6, 1965, the court advised appellant of his right to counsel, and appellant stated "No, sir. I do not wish counsel", after which appellant pleaded guilty to the charge. At the time of sentencing on July 12, 1965, the court again asked the appellant if he wished counsel, and his answer was "No, sir." Appellant admits he was advised that he was entitled to be represented by counsel, but contends that the fact that he was not advised that he was entitled to have counsel without costs violated his constitutional rights. It is well settled that a defendant who has been advised of his right to counsel, and who refuses that counsel, and pleads guilty, cannot thereafter attack the conviction on the ground that he has been deprived of the right to counsel. (*People* v. *Ryder*, 24 A D 2d 808, affd. 17 N Y 2d 880; *People* v. *Sprung*, 13 A D 2d 877.) In addition, there is no right of appeal from an order revoking defendant's probation. (*People* v. *Terry*, 21 A D 2d 971; *People* v. *Riley*, 25 A D 2d 915.) Appeal dismissed. Herlihy, J. P., Reynolds, Taylor and Aulisi, JJ., concur.